EDWARD C. FRANKLIN, Appellant, *v.* JOSEPH A. HOLLE, Respondent.

### May 27, 1879.

1. To support an action for deceit, the false representations must have been made as to material facts within the knowledge of the defendant, must have been of a character to deceive a man of ordinary prudence, must have been relied upon, and must have been intentional.

2. The refusal of the trial court to grant a new trial on the ground of newly discovered evidence is not ground for a reversal, unless it clearly appears that the court abused its discretion in the matter.

3. A new trial will not be granted on the ground of newly discovered evidence where, with diligence, the new testimony might have been discovered before the trial.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

MARSHALL & BARCLAY, for appellant: The court erred in overruling the appellant's motion for a new trial. — *Jaccard* v. *Davis*, 43 Mo. 635 ; *Phillips* v. *Phillips*, 46 Mo. 607. On the general propositions in this case, and the liability of defendant, we refer to the following authorities. To show that there was a duty cast upon defendant to know the truth of this matter by his official relation to the subject-matter, see *Wannall* v. *Keim*, 57 Mo. 492. On question of requisites to a recovery. — *Dulaney* v. *Rogers*, 64 Mo. 201 ; *Lefever* v. *Lefever*, 30 N. Y. 27 ; *Von Bruck* v. *Peyser*, 2 Robt. 468 ; *s. c.* 28 How. Pr. 292 ; *Hubbard* v. *Briggs*, 31 N. Y. 518. See specially *Hubbell* v. *Meigs*, 50 N. Y. 480. For publishing false statements of condition of bank. — *Newberry* v. *Garland*, 31 Barb. 121 ; *Morse* v.

*Smits*, 19 How. Pr. 275. The false representation may consist in the suppression of the truth as well as in the assertion of a falsehood. — *Gough* v. *Dennis*, Lalor, 55 ; *Viele* v. *Gass*, 49 Barb. 96 ; *s. c.* 51 N. Y. 624 ; *Von Bruck* v. *Peyser*, 28 How. Pr. 292 ; *Buford* v. *Caldwell*, 3 Mo. 477 ; *City Bank, etc.* v. *Phillips*, 22 Mo. 85 ; *Griffith* v. *Eby*. 12 Mo. 517.

HITCHCOCK, LUBKE & PLAYER, for respondent : The facts in this case did not warrant a recovery in an action for deceit. — Wag. Stats. 657, sect. 7 ; *McKinney* v. *Whiting*, 8 Allen, 208 ; *Wells* v. *Prince*, 15 Gray, 562 ; *Mann* v. *Blanchard*, 2 Allen, 486 ; *Kimball* v. *Comstock*, 14 Gray, 508 ; *Bank* v. *Sells*, 3 Mo. App. 85 ; *Dunn* v. *White*, 63 Mo. 181. Appellant's motion for a new trial, on the ground of newly discovered evidence, was properly overruled. The affidavits failed to show any diligence ; want of diligence before the trial is fatal. — *Richardson* v. *Farmer*, 36 Mo. 35 ; *Callahan* v. *Caffarata*, 39 Mo. 136 ; *Tilford* v. *Ramsey*, 43 Mo. 410 ; *Graves* v. *Pegram*, 2 Mo. App. 598. The granting of motions on this ground is discretionary with the trial court. — *Insurance Co.* v. *Curran*, 45 Mo. 142.

BAKEWELL, J., delivered the opinion of the court.

This is an action in the nature of an action for deceit. The petition alleges that the defendant, who was then cashier of the West St. Louis Savings Bank, falsely represented to the appellant that the bank was solvent and prosperous ; that its stock was very valuable and a good investment ; and thereby induced the appellant to buy ten shares of its stock, though the defendant at the time knew that the stock was worthless ; to the damage of the plaintiff $1,000. The answer is a general denial ; and further, that the representations were not made in writing. There was a verdict and judgment for the defendant.

Of the instructions, with one exception noted in the course of the opinion, the plaintiff has no reason to com-

plain. Instructions asked by the appellant seem to have been refused; but they are not set out in the record, and no point is made upon their refusal.

We have examined the evidence, and the sum of it seems to be that, ten days before the purchase of the stock by the plaintiff, a statement of the officers of the bank, sworn to by the defendant, was published. The plaintiff did not rely upon this statement in purchasing stock; nor does it appear to have been false in any particular statement as to which the defendant, by his duties as cashier, was required to have any knowledge. The defendant gave the plaintiff his opinion about the condition of the bank and the value of its stock, and stated certain facts as to dividends paid in the past. These statements were made at the request of the plaintiff, who was making the inquiries with a view to the purchase of stock. So far as they profess to give the opinion of the defendant, the testimony is that these statements represented his honest opinion at the time; and there is nothing to contradict his testimony in this respect. So far as the statements represent facts within his knowledge, there is no evidence that they were not true. The defendant swears that he believed the statements made by him to the plaintiff to have been true when made, and that when giving his testimony he still believed them to be true. The plaintiff, without difficulty, sold half of the stock purchased by him for the amount he paid for it. This sale was made shortly after the representations of the defendant. The evidence is that when he bought the stock it was worth in the market what he paid for it. The bank failed about a year after the plaintiff bought the stock. At that time the plaintiff was overdrawn about $200 in the bank in question, which amount the defendant as cashier had to make up. The bank also held the plaintiff's note for $600, with the defendant as accommodation indorser, which note the defendant at last had to pay. When the defendant had advanced these sums for the plaintiff, he had an interview

with the plaintiff, in which the plaintiff, as a set-off to these claims, alleged that the defendant had deceived him about purchasing the stock. There is the evidence of the plaintiff and his partner that the defendant in this conversation admitted that he had deceived the plaintiff in this matter; but there is no statement that he admitted that he consciously deceived him, or that he ever made to the plaintiff any statement which the defendant knew to be false. The plaintiff says that the defendant admitted to him that the bank was insolvent when he became cashier. The defendant denies this. But it is immaterial, since the plaintiff does not say that the defendant's admission went to this: that he knew the fact at the time he was consulted by the plaintiff about the stock. The plaintiff does say in one part of his direct examination, " I asked him why he had deceived me and the other people in turning over their property there, when he knew the stock was not worth the paper it was written on. He said he found it so when he went into the bank, and he admitted to me that he knew the fact." But the witness does not mean that the defendant said that he found, when he went into the bank, that the stock was worthless; for the next question is, " Did he admit anything about his knowledge of the solvency of the bank at the time he made these representations to you?" To which the plaintiff replied, " I won't be positive about that; but he said he knew he had deceived me in the representations he made to me about the bank and about the stock."

A declaration of law was given to the effect that there can be no recovery " if the shares of stock were worth what the plaintiff paid for them when he bought them." The plaintiff contends that the question is, not what the shares were worth on the market, but what they were intrinsically worth. The truth is that the value of the stock is altogether immaterial. The question is, not what the shares were quoted or sold at, but whether the defendant, by rep-

resentations known to him to be false, or in regard to matters within his knowledge and which he was bound to know, deceived the plaintiff as to material facts. If the plaintiff, relying on these representations, purchased the stock and afterwards lost by it, it matters not that there was a period during which he might have got rid of it without loss. Stock may have a selling value which is wholly fictitious, and which would fall to nothing if the real facts as to the condition of the corporation were known. One deceived into buying such stock is not barred of his action for damages because he does not make himself a party to the fraud by getting rid of his stock at its market value on ascertaining the facts which, if known to the public, would depreciate the stock.

But the giving of this instruction, however erroneous, is no ground for reversing the judgment. There is no evidence to go to the jury to support the allegations of the petition, and if there had been a verdict and judgment for the plaintiff, it must on this ground have been set aside. That the plaintiff was deceived may well be ; and there is some evidence that he was deceived by the defendant. But this will not support the action. In addition to this, it should have appeared that the false representations made by the defendant were in regard to matters of fact, and not as to matters of opinion only, and that they were as to matters of fact as to which the defendant was, or ought to have been, informed. Mere loose talk and brag about the value of shares of stock in the bank, or about the value of any property, will not make the utterer liable. Such language is taken for what it is worth, and is never believed without examination. Nor is it acted upon by men of ordinary prudence. There is no evidence as to any statement made by the defendant as to any material fact peculiarly within his knowledge, that he knew it to be false at the time, or that he did not believe it to be true, or even that it was not true. Fraud and falsehood must concur with damage, to

support the action of deceit. There must have been false-hood calculated to deceive an ordinarily prudent man ; he must have been actually deceived to his hurt by relying on the false statement, and the falsehood must have been intentional. The case as presented is barren of any testimony from which wilful misrepresentation of material facts, such as constitutes fraud in law, can be properly inferred. *Stevens* v. *Rainwater*, 4 Mo. App. 292 ; *Jolliffe* v. *Collins*, 21 Mo. 338 ; Steph. N. P. 1302.

A motion for a new trial was made, and was supported by affidavits of newly discovered evidence. These affidavits are by the plaintiff and by one S. B. Gordon. Gordon swears that, as attorney of assignees of the bank, he had thoroughly examined the books and the officers of the bank, and had thus satisfied himself of certain facts, set out at considerable length, and showing the bank to have been insolvent in 1874 ; and also that fraudulent statements were published by the officers of the bank, to which statements the defendant was a party ; and that in order to support these statements, the defendant gave his own notes to the bank to swell its apparent assets, which notes were made in order to deceive the public, and were returned to the defendant after these statements were made. The plaintiff's affidavit sets forth that he knew the bank had made an assignment, but did not know that any examination had been made of the condition of the bank, as set out by Mr. Gordon ; that he had desired to obtain just such evidence, but did not know how to get it ; and that no one of his acquaintances had made such an examination.

It is manifest that the trial court committed no error of law in refusing this application. The matter was in the sound discretion of the court, and we cannot say that this discretion was abused. If the plaintiff, knowing as he did of the assignment, had made the inquiries of the assignees which ordinary diligence would dictate, he could hardly have failed to hear something of the startling discoveries

which Mr. Gordon says were made. The apparent want of diligence being sufficient to sustain the action of the trial court, we need not consider how far the alleged evidence was competent.

The question as to whether an action can be maintained against an agent of a money corporation for oral misrepresentations as to its pecuniary condition, though raised by the record, is not considered, because its consideration is not necessary to a determination of the case.

The judgment is affirmed. All the judges concur.