GUSTAVE RUNGE, PLAINTIFF IN ERROR, V. JOHN L.
BROWN, DEFENDANT IN ERROR.

1. **Deceit: EVIDENCE.** In order to maintain an action for deceit, it is not only necessary to establish the telling of an untruth, knowing it to be such, but it is equally necessary that it be shown that the plaintiff had a right to rely, and did rely, upon the representations made, and that he altered his condition in consequence thereof, and suffered damages thereby.

2. ———: ———. A defendant when sued for damages resulting from an alleged misrepresentation of facts by him, cannot be heard to contend that he was not a person upon whose information the plaintiff had a right to rely.

3. **Instructions** to a jury must be based upon the evidence adduced upon the trial.

4. ———. An instruction by which it is sought to cover the whole case, and upon which, if met by the evidence, the jury is instructed to find in a certain way, should include all the elements necessarily involved in the case and within the evidence.

5. **Fraudulent Representations.** A plaintiff instituted his action against a defendant upon a promissory note executed by such defendant. The petition contained a second count, or cause of action, in which it was alleged that the promissory note was given for the purchase price of a number of sheep sold to the maker of the note, but that another party, who was made defendant, was jointly interested in the purchase of the sheep, with the maker of the note, and should have signed the note, whereby he was indebted to the plaintiff, etc. Upon a demurrer to the petition being filed by the person who had not signed the note, the action was voluntarily dismissed as to him, which dismissal was an abandonment of the second count in the petition. It was *Held,* That in an action afterwards brought by the plaintiff against such third party for fraudulent representations as to the financial standing of the maker of the note, the prior suit was not a bar to the action.

ERROR to the district court for Cheyenne county. Tried below before HAMER, J.

*Heist & Raynor,* for plaintiff in error, on fraudulent misrepresentations, cited: *Allen v. Addington,* 7 Wend.,

52

10.   11 Id., 375.   *Goings v. White*, 33 Ind., 125.   *Clark & French v. Tennant*, 5 Neb., 556.   *Humphrey v. Merriam*, 32 Minn., 197.   Fourth instruction.   *Hall v. Johnson*, 41 Mich., 288.   *Saunders v. Hatterman*, 2 Ired:, 32.   *Franklin v. Holle*, 7 Mo. App., 241.   Instructions given by court.   *Ballard v. State*, 19 Neb., 619.   *Dunbier v. Day*, 12 Id., 607.   *Wasson v. Palmer*, 13 Id., 378.   *Parker v. Fisher*, 39 Ill., 164.   Action not maintainable.   *Neild v. Burton*, 49 Mich., 53.   *Thompson v. Howard*, 31 Id., 309. Action barred.   *Audubon v. Excelsior Ins. Co.*, 27 N. Y., 218.   *White v. Bank*, 6 Ohio, 530.   2 Nash. Pl. and Pr., 1070.

*G. M. Lambertson* and *James W. Norvell*, for defendant in error.   Plea in bar.   Freeman Judgt., Secs. 260–267. *Cheney v. Cooper*, 14 Neb., 418.   *Philpott v. Brown & Ryan*, 16 Id., 387. · Pomeroy Rem., Sec. 572.   Cooley Torts, 91, 94.   Instructions.   Cooley Torts, 490, 491. *Mead v. Bunn*, 32 N. Y., 275.   *Eaton v. Winnie*, 20 Mich., 156.   *Williams v. Bates*, 15 Neb., 566.   *Ernst v. R. R.*, 35 N. Y., 28.   Bishop Contr., 661, 667. *Starkweather v. Benjamin*, 32 Mich., 302.

REESE, CH. J.

This action was instituted in the district court of Cheyenne county, and was in the nature of an action for deceit.

It is alleged in the petition that, on the 14th day of August, 1884, defendant in error was the owner of a flock of sheep, consisting of 2,296 head; that on or about said day, one Philip Musheid applied to plaintiff to purchase said flock of sheep, the purchase to be made principally on time; that defendant in error was unacquainted with the character and financial standing of said Musheid, and was by him referred to plaintiff in error for information thereon, and that, in accordance with said reference, he applied to plaintiff in error for such information; that at

said time plaintiff in error knew of such reference; that at that time plaintiff in error well knew the financial standing and condition of Musheid; that he was insolvent and unfit to be trusted, and was not entitled to credit for any amount, but that he falsely and fraudulently, in answer to the questions propounded by defendant in error, represented the financial standing of Musheid as good—stating that he was the owner of a certain ranch, being a section of land on which Musheid then resided, situated about two and one-half miles west of the town of Sidney, and that said Musheid had been offered $18,000 for the said ranch; that he was also the owner of a large number of sheep and other valuable property, and had large sums of money due him, which he would receive within a short time thereafter; that the promissory notes of said Musheid, to the amount of $3,000, were negotiable at the banks, at Sidney, at regular banking rates of discount, or to any other person having money to invest in such property; that he made such representation as to the standing of Musheid as induced defendant in error, who relied thereon, to sell to said Musheid said flock of sheep for the sum of $3,144, $144 of which was paid in cash, and for the remaining $3,000 the said Musheid executed and delivered to defendant in error two promissory notes—one for $1,000, due in four months, the other for $2,000, due in one year after date. It is alleged that, at the time, said Musheid was not in good financial standing, and was not the owner of the ranch, or of the section of land referred to, upon which he then lived, nor was he the owner of any land whatever. Neither was he the owner of any sheep or other stock, nor had he the money due him, as stated by plaintiff in error, but that the said Musheid was absolutely insolvent, without property or credit, and without any financial standing at the banks, at Sidney or elsewhere, and of all of which plaintiff in error had full knowledge. That aside from the $144 cash money paid by Musheid,

he had wholly failed to pay any part of the purchase price of said sheep, and that at the time of the bringing of the action, as well as at all times prior thereto, since before the execution of the said notes, said Musheid was wholly insolvent, and that defendant in error was likely to lose and would lose the amount of his claim, whereby he was damaged in the sum of $3,475, for which judgment was demanded against plaintiff in error.

The answer of plaintiff in error consisted—*First*, of a general denial of all the allegations contained in the petition, excepting such as were substantially admitted therein. *Second*, as a plea in bar of the defendant's recovery, the answer contained the allegations, that defendant in error had caused to be instituted against the said Musheid an action, in the district court, upon the $1,000 note referred to, and had obtained a judgment thereon for the full amount of principal and interest, and that no action had been taken by defendant in error since the rendition of said judgment to enforce the collection thereof. *Third*, that on the 16th day of November, 1885, defendant in error instituted an action in the district court against the said Philip Musheid and plaintiff in error, for the recovery of the $2,000 represented by the other promissory note referred to; that it was alleged in the petition that the sale of the sheep was made to the said Musheid and plaintiff in error; that they were jointly interested in the purchase of said sheep, and that the said plaintiff in error falsely and fraudulently represented that the said Musheid was solvent, and fully able to pay all claims which he would contract and agree to pay; and that the plaintiff, relying upon such representations, agreed to accept the note of the said Musheid, for the sum of $2,000—judgment being demanded against both parties; that to this petition Musheid answered, setting up a defense, and plaintiff in error filed a demurrer. Afterwards, but before trial, defendant in error dismissed his action as to plaintiff in

error, and proceeded alone against Musheid, recovering
a judgment for the full amount due on said note, but
that no effort had been made to enforce the same by execu-
tion or otherwise. It is insisted that the judgment
whereby the suit against plaintiff in error was dismissed
is a bar to the action in this case, and the same is so
pleaded.

By his reply, defendant in error denied all the allega-
tions of the answer, except the fact of the recovery of the
judgments referred to; but, as to them, the legal effect as a
bar to this action was denied.

A jury trial was had, which resulted in a verdict and
judgment in favor of defendant in error. Plaintiff in
error seeks a reversal thereof, by proceedings in error to
this court. A number of questions are presented by the
petition in error and brief of plaintiff in error, which we
deem it unnecessary to notice, for the reason that, in our
view of the case, a new trial must be had, and in which
the questions presented are not liable to again arise.

The testimony of the witnesses upon the trial, in so far as
the evidence for defendant in error extended, is conflicting,
and so far as that conflict is concerned, we shall have nothing
to say. But upon examining the bill of exceptions, we
find an entire absence of proof that defendant was misled
by the alleged representations of plaintiff in error. Plaint-
iff in error, in his testimony, denied absolutely the making
of any representations as to the financial standing of Mus-
heid. Every statement of fact testified to by defendant in
error in that behalf was flatly and unequivocally contra-
dicted by plaintiff in error in his testimony. We are
therefore required to examine the testimony of defendant
in error alone, for the purpose of ascertaining whether such
testimony, if believed by the jury in its entirety, would
support the verdict. This testimony may fairly be stated
to be, that on the 13th day of August, 1884, plaintiff in
error stated to defendant in error that he could sell the

sheep to Musheid; that Musheid was good, that he had a lot of sheep and cattle and horses, and had a ranch that was worth $18,000; that he had been offered that sum for it; that Musheid could not pay much cash, but he would pay it in three or four months; that afterwards, defendant in error sold the sheep to Musheid, taking his notes for the $3,000, as stated; that in conversation with Musheid, in making the trade, Musheid stated that his notes were good at the bank, but in case they were not he could make them good. The notes were taken and the sheep delivered. But when defendant in error presented the notes at the bank for discount, he was informed that Musheid was insolvent and the notes were absolutely worthless. It appears from the testimony that Musheid was the stepfather of plaintiff in error; that the ranch referred to as having been owned by Musheid, belonged to plaintiff in error; and there is sufficient to justify the jury in finding that the personal property upon this ranch, upon which Musheid was living, also belonged to plaintiff in error; and that plaintiff in error was fully aware of Musheid's financial condition. But there is no proof that the representations alleged to have been made by plaintiff in error were relied upon by defendant in error, and induced him to make the sale referred to. Upon this point we think the authorities are substantially all one way. If defendant in error sold the sheep to Musheid, upon his own judgment, and wholly uninfluenced by the alleged statements of plaintiff in error, it is clear that such statements could not result in damages to him, however untrue they might have been, unless they were relied upon by defendant in error, and that, so relying, he sold the sheep, received the notes, and suffered damage thereby. It must appear that, relying upon the statements, he altered his condition, and was damaged thereby, that this change in his condition was in consequence of the representations, as well as that the representations were untrue. *Ming v. Woolfolk*, 116 U. S.,

599. *Safford v. Grout*, 120 Mass., 20. *Goings v. White*, 33 Ind., 125. *Jordan v. Pickett*, 78 Ala., 331. *Byard v. Holmes*, 34 N. J. L., 296. *Avery v. Chapman*, 62 Ia., 144. *Humphrey v. Marriam*, 32 Minn., 197. *Addington v. Allen*, 11 Wend., 375. *Clark v. Tennant*, 5 Neb., 549. While it is true that it is not indispensable that the representation should have been the sole inducement to defendant in error to make the contract, yet there must be proof that it contributed materially thereto, and that this representation, with or without other circumstances, induced defendant in error to make the sale. This proof was wholly wanting. It is argued by defendant in error that the circumstances under which the sale was made, in connection with the representation, as shown by the testimony, are sufficient to warrant the jury in finding such reliance, but this we do not think is the case. There was sufficient to justify a finding that the representations were made, that they were untrue, and that plaintiff in error knew them to be untrue at the time he made them. There were some circumstances which point to the fraudulent intent on the part of plaintiff in error, but we find nothing which tends to prove a reliance, on the part of defendant in error, upon the truth of the statements, or that they contributed to his making the sale. In the absence of proof by defendant in error upon this point, he being a witness upon the stand, there are some circumstances which seem to negative the idea of such reliance. It appears that he discussed with Musheid the propriety of taking his note, stated that he wanted good notes, and was informed by Musheid that if his notes were not good he could make them so. In view of Musheid's surroundings it would not be improbable that the sale might have been made, had not plaintiff in error made any representations whatever.

It is insisted by plaintiff in error that defendant in error was guilty of negligence in accepting the notes of Musheid, and therefore he cannot recover. In support of this, he

quotes the familiar rule, that defendant in error could not recover if he was negligent and failed to make other convenient inquiry as to the standing of Musheid. Under the evidence upon the trial, it is somewhat doubtful if this rule could have any application, as it would seem that, upon the question of Musheid's financial standing, plaintiff in error could not be ignorant, if he was the owner of the farm upon which Musheid resided, but represented to defendant in error that it belonged to Musheid; and if he was the owner of the personal property which apparently belonged to Musheid, the relationship of step-father and son existing between them, it would seem clear that the representation so made, if believed and relied upon, would be sufficient. At any rate, it would be sufficient to warrant the jury in finding that there was no negligence on the part of defendant in error. Upon this last proposition, the plaintiff in error submitted to the court instruction number four of those asked by him to be given to the jury, which the court refused to give. This instruction is as follows:

"4th. The court also instructs the jury that if the plaintiff had the means of obtaining correct information of the financial standing of Philip Musheid, though the defendant may have made representations to plaintiff, and plaintiff failed to make the inquiry, or used the ordinary diligence to ascertain, that any man, by exercising common prudence and business caution, could have ascertained; and if you find that the plaintiff did not exercise the ordinary caution of business men, nor use the reasonable diligence which every prudent person ought when making a sale of property under the circumstances as you find, after weighing well the testimony adduced, was made in this case, and that the defendant was not a person upon whose information plaintiff had a right to rely,—then the defendant is entitled to a verdict from you."

While it might have been proper for the court to submit

to the jury the question of the negligence of defendant in error, as shown by all the circumstances, yet we think the court did not err in refusing the instruction asked. Without stopping to discuss the question as to whether or not the instruction states the rule too broadly, we think it quite clear that plaintiff in error could not insist that he was "not a person upon whose opinion plaintiff had the right to rely." If the representations were made and were known to be false by the person making them, and the person to whom they were made, in the exercise of reasonable care under all the circumstances, relied upon them, the party making the representation could not be heard to say that he was not entitled to belief.

The court gave to the jury, upon its own motion, instruction number one, which we here copy:

"1st. Before you can find for the plaintiff in this case, you must find by a preponderance of evidence that the said Philip Musheid, mentioned in plaintiff's petition, bought the sheep, and gave the notes described in the petition as part of the purchase price, and that the defendant, Gustave Runge, knew that Philip Musheid was insolvent and without property, but nevertheless represented to the plaintiff, before Musheid bought the sheep, that Musheid was the owner of a section of land about two and one-half miles from Sidney, for which he had been offered eighteen thousand dollars, and was the owner of a large number of sheep and other property, and was worthy of credit; that the plaintiff believed these representations, and was induced to trust Musheid in consequence of the same; and that the notes given have not been paid. If you believe these things you will render a verdict for the plaintiff for the full amount of his claim."

The latter sentence of this instruction is objected to, as virtually telling the jury to render a verdict for the plaintiff in the action for the full amount of the claim. This objection is also based upon the fact that there was no

· proof that defendant in error relied upon the representations, and that the instruction was open to the criticism that it was not based on the evidence, in that particular, and in support of this contention plaintiff cites *Ballard v. State*, 19 Neb., 619. *Wasson v. Palmer*, 13 Id., 378. *Dunbier v. Day*, 12 Id., 607.

While, in this particular, the instruction stated the law correctly, it was objectionable, for the reason stated. *Winter v. Bandel*, 30 Ark., 362. *Franklin v. Holle*, 7 Mo. App., 241. *Buck v. Leach*, 69 Me., 484. *S. M. & M. R. R. Co. v. Anderson*, 51 Miss., 829.

An instruction which seeks to cover an entire case consisting of a number of elements, is, to the mind of the writer, a somewhat dangerous one, for the reason that, in the hurry of a trial, it is somewhat difficult for the trial judge to embody in one instruction all the elements as shown by the pleadings and evidence without sometimes omitting a part. Therefore, the sentence, "If you believe these things you will render a verdict for the plaintiff," might better have been omitted. We think the law is fairly stated in the brief of plaintiff in error,—that, to entitle a plaintiff to recover in a case like the one at bar, he must show that the representations were made substantially as alleged; that they were made under circumstances which would justify their belief by a reasonably prudent man; that they were false; that they were relied upon by the person to whom they were made, and so relying he acted thereon, to his injury.

It is next insisted by plaintiff in error that, by commencing the former action, defendant in error elected to prosecute his action *ex contractu;* that he is bound by that election, and that he cannot afterwards maintain an action *ex delicto;* and therefore the institution of his action against Musheid and plaintiff in error jointly, and its final dismissal without trial, is a bar to this action.

As to the election, it is apparent that no such results

can follow as claimed by plaintiff in error. Whatever might have been the rule as to election of forms of action at common law, we are quite clear that the commencement of the action referred to could not bar this action. That action was based upon the alleged fact that the sheep were sold to Musheid and plaintiff in error, but Musheid only signed the note described in the petition. Closely connected with this is the further contention that the dismissal of that case, in so far as it related to plaintiff in error, was a bar to a proceeding in any other action. The petition consisted of two counts or causes of action; one against Musheid upon the note, the other, in effect, against Musheid and plaintiff in error, for the value of the sheep alleged to have been sold and delivered to them. A demurrer was filed by plaintiff in error. What that demurrer consisted of, whether general or special, is not disclosed by this record. Pending the demurrer, and without any action being had thereon by the court, the plaintiff in the suit dismissed his *action* virtually against both parties, so far as the second count or cause of action was concerned, and proceeded solely upon his note. This involved a voluntary non-suit or dismissal of his action as against plaintiff in error. No issue, either of law or fact, was decided by the court. There was no adjudication of any rights, and no judgment upon the merits. But it is said that, by that suit, defendant decided to proceed *ex contractu,* and that having so decided he is bound thereby and could not change his election. This is to a great extent a common law nicety, which does not obtain under the code; but it is quite apparent that that action, as stated in the second count of the petition, could not have been maintained in connection with the suit against Musheid on the note, and, so far as that suit was concerned, it amounted to nothing; and the dismissal of the whole cause of action, as stated in the count referred to, was equivalent to a dismissal of the action, which left

the parties in the same condition, so far as that cause of action was concerned, as though no suit had been instituted. We therefore hold that the former suit is in no sense a bar to the present action.

For the errors hereinbefore referred to, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.