BANK OF MAYWOOD v. ESTATE OF JOHN L. McALLISTER.

FILED OCTOBER 5, 1898.     No. 8314.

1. **Principal and Surety:** FAILURE TO SUE PRINCIPAL. Mere voluntary forbearance of the creditor, or his mere failure to institute and prosecute a suit against the principal debtor, will not operate the discharge of a surety on the obligation of indebtedness, nor will non-compliance by the creditor with a request or notice of surety to commence suit against the principal work the surety's release.

2. **Dismissal:** RES JUDICATA. A dismissal of a suit which is not upon, or does not involve, the merits, is not a bar to another action on the same cause nor to its presentation as a claim against the estate of the deceased adverse party.

ERROR from the district court of Lincoln county. Tried below before NEVILLE, J. *Reversed.*

*J. L. White* and *Hoagland & Hoagland*, for plaintiff in error.

*Wilcox & Halligan*, contra.

HARRISON, C. J.

The bank, party hereto, commenced an action in the county court of Lincoln county to enforce the collection of an amount alleged to be its due on a promissory note signed by E. E. Reese and J. L. McAllister. The latter had died prior to the institution of the action and service of a summons was made on the administratrix of his estate, who appeared and challenged the jurisdiction of the court on the grounds that she was not of the parties to the suit, and no action would lie against her. At the

time set for the trial of the cause there was for the bank, by leave of the court, a dismissal of the action to the extent it purported to involve the estate or administratrix of the estate of J. L. McAllister. In proceedings for the purpose, an administratrix of said estate had been appointed, and in the further course of the matter notice was given of the time allowed for the presentment of claims against the estate, and of the dates fixed for their examination and adjustment. For the bank a claim was presented predicated on the promissory note to which we have hereinbefore referred, and on hearing this claim was disallowed. The reasons for such action, as stated in the entry thereof, were that the deceased had signed the note as surety; the amount due thereon might have been collected of the principal debtor if the payee had not failed, neglected, and refused to properly and diligently proceed against said principal maker; that such non-action on the part of the creditor had worked a release of the surety from liability; also, that the dismissal of the suit in the county court, to which we have alluded, had effected a final disposition of any action or claim on the note against the estate of the surety thereon. From the rejection of its claim, the bank prosecuted error to the district court wherein the action of the county court was affirmed, and the matter has been presented to this court for review.

Of the first reason given for the disallowance of the claim it must be said that it was wholly insufficient. A mere voluntary forbearance on the part of the creditor relative to the principal debtor, or a mere failure to institute an action against him, will not discharge a surety. (*Smith v. Mason*, 44 Neb. 610.) Nor will notice or request by the surety to the creditor that suit be commenced against the principal debtor operate to compel it, nor a noncompliance with the request or notice release the surety. (2 Daniel, Negotiable Instruments p. 307, sec. 1326; Tiedman, Commercial Paper sec. 424; 1 Parsons, Notes & Bills pp. 236, 237.)

In regard to the second ground on which the rejection of the claim was based, it is clear from the record that the dismissal by or for the plaintiff of the suit in county court as against the estate or the administratrix, if indeed there was any-jurisdiction, was not upon or with any reference to the merits of the controversy, and hence constituted no bar to another action for the same cause or its presentation as a claim against the estate. (*Cheney v. Cooper*, 14 Neb. 418; *Philpott v. Brown*, 16 Neb. 387; *Runge v. Brown*, 23 Neb. 817; 6 Ency. Pl. & Pr. 986.)

It follows that the order of the county court by which it disallowed plaintiff's claim was erroneous; also its affirmance in the district court. Both adjudications must be, and are, reversed and the matter remanded for further proceedings.

REVERSED AND REMANDED.