CUSTER PUBLIC POWER DISTRICT, A PUBLIC CORPORATION, ET AL., APPELLEES AND CROSS-APPELLEES, V. LOUP RIVER PUBLIC POWER DISTRICT, A PUBLIC CORPORATION, ET AL., APPELLEES AND CROSS-APPELLANTS, CONSUMERS PUBLIC POWER DISTRICT, A PUBLIC CORPORATION, ET AL., APPELLANTS AND CROSS-APPELLEES, CENTRAL NEBRASKA PUBLIC POWER & IRRIGATION DISTRICT, A PUBLIC CORPORATION, ET AL., APPELLEES AND CROSS-APPELLEES.

77 N. W. 2d 590

Filed June 22, 1956. No. 33920.

*George Healey* and *Richard D. Wilson,* for appellant.

*Evans & Evans, Kenneth M. Olds,* and *Hugh W. Eisenhart,* for appellees Custer Public Power District et al.

*Walter, Albert & Leininger, Crosby, Crosby & Nielsen,* and *Crosby, Pansing & Guenzel,* for appellees Loup River Public Power District et al.

*Beatty, Clarke, Murphy & Morgan* and *Charles W. Baskins,* for appellee City of North Platte.

*John Riddell,* for appellee York County Rural Public Power District.

*Christian A. Sorensen,* for appellees Southern Nebraska Rural Public Power District et al.

*Elbert H. Smith,* for appellee Dawson County Public Power District.

*R. O. Canaday,* for appellee Central Nebraska Public Power & Irrigation District.

*Ward W. Minor,* amicus curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Our earlier opinion in this case is found *ante* p. 300, 75 N. W. 2d 619.

Platte and Loup have filed a motion for rehearing advancing some 21 alleged errors of fact and law which it is claimed were made in the opinion. The moving parties are supported by briefs of Central and some of the rurals.

In the opinion we set out parts of the 1946 contract between Loup, Platte, Central, and Consumers. We determined that the contract of Consumers made in 1946 to buy all or substantially all of its electric power from the hydros was and is contrary to public policy, and hence illegal and void.

We adhere to the rules of law stated in that opinion.

In the opinion we stated: "We come then to the question of whether or not the contract provision in the 1946 agreement of Consumers to buy all of its power from N.P.P.S. is void as against public policy. We are not here dealing with the narrow question of the power of a corporation to contract to buy all of a named commodity from one source of supply. Rather we are here dealing with the power of Consumers, a public corporation, to contract not to exercise for a period of 26 years its charter powers of constructing generating plants, generating electricity, and selling electricity at wholesale or retail."

This language is not to be lifted out of its context. It must be read in the light of the contract provisions, the issues and contentions of the parties, and the holding of the opinion.

The moving parties here contend that we have held that a contract for 26 years for the purchase of substantially all of the energy requirements of a customer

is void. We did not so hold. Obviously the length of the period covered by such a contract is an element to be considered in weighing the problem here presented. It is not the sole element nor necessarily a controlling element.

The duration of this contract was an element considered by us. That it created a monopoly in the hydros for the generation of substantially all power required by Consumers until 1972 is abundantly clear. It was not held that the contract was against public policy for that reason alone. In addition to the contract provision for the purchase by Consumers of its power requirements from the hydros, the contract provided that the hydros would build additional generating plants to meet the prospective increased needs of Consumers. It provided that if the hydros failed to do so, that then Consumers could construct generating capacity to meet its prospective needs, but that if Consumers did so, it would then lease the new generating capacity, as it had its existing plants, to the hydros on terms that would assure proper operation and maintenance and amortization of costs. It provided that Consumers would buy additional power so generated from the hydros. Finally it provided that when Consumers was fully paid its construction costs it would convey the leased plants to the hydros. It, in effect, guaranteed the hydros against loss at the expense of Consumers' customers. These contract provisions are interrelated and interdependent.

These and other provisions in the contract effectively made Consumers the subservient captive corporation of the hydros. The contract provision here involved was a substantial link in the chain of captivity.

That the provision here involved impaired the obligation of Consumers to discharge its public duties and impaired Consumers' ability to furnish electrical energy to the ultimate consumer at the lowest cost consistent with sound business management is also abundantly clear.

We adhere to our conclusions stated in the opinion that the contract is illegal and void.

Platte and Loup in their cross-petition requested declaratory judgments on their second and third causes of action. The trial court considered the evidence and denied the declaratory judgments.

On appeal here we determined the issues on a non-merit ground and denied the declaratory judgments. In doing so we held that the trial court did not err in declining to render declaratory judgments on the questions presented by the cross-petition.

Loup and Platte now rightly state that it was not our intention to determine those issues on their merits. Nevertheless, they fear that our opinion may be construed as res judicata in any future litigation involving those issues. The opinion is not to be so construed.

It has long been the rule that: "A dismissal of a suit which is not upon, or does not involve, the merits, is not a bar to another action on the same cause * * *." Bank of Maywood v. Estate of McAllister, 56 Neb. 188, 76 N. W. 552. See, also, 50 C. J. S., Judgments, § 685, p. 139.

Our decision in affirming the trial court was an affirmation of the result of the trial court's judgment. It was not an affirmance of the reasons of the trial court for the dismissal. It was intended to be a dismissal without prejudice. It will not support a plea of res judicata on the merits of the issues presented.

We have considered the other grounds assigned in the motion. They do not require discussion. Other than as supplemented by this opinion, the motion for rehearing is denied.

MOTION FOR REHEARING DENIED.