McDaniels *v.* Colvin et al.

ISAAC MCDANIELS *v.* BENJAMIN COLVIN AND S. & N. J. SMITH.

Where the condition of a mortgage deed provided for payment by the mortgagor to the mortgagee in these words,—" also what I may owe him on book," and it appeared that there was no account then subsisting between the parties, it was held that the condition must be construed to refer to future accruing accounts.

A mortgage deed, which provides for the payment of future accruing accounts which may become due from the mortgagor to the mortgagee, is not void as between the parties, nor as to subsequent purchasers or mortgagees.

Where a mortgage deed provided for the payment of whatever account might subsequently accrue in favor of the mortgagee, against the mortgagor, it was held that the mortgagee was entitled to hold it as security for whatever balance might become due to him, notwithstanding a subsequent mortgage of the same premises was executed to another person, unless the subsequent mortgagee had given *express notice* to the first mortgagee of his incumbrance, and also notified him that he must make no farther advances on the credit of the first mortgage :—and that the *constructive notice,* inferable from the fact that the second mortgage was put upon record in the town clerk's office, was not sufficient for this purpose.

EJECTMENT on mortgage. The defendant Colvin executed to the plaintiff a mortgage of the land sued for, which was dated Oct. 12, 1838, and the condition of which, after providing for the payment of a certain note of five hundred and thirty four dollars, made payable one day after date, contained these words,—" and also [shall pay] what I may owe him on book, and, if the note and book account is paid, then this deed is to be null and void,—otherwise to be and remain in full force and virtue." Subsequently Colvin executed another mortgage of the same premises to the other defendants, S. & N. J. Smith, bearing date June 27, 1840, and acknowledged and recorded Sept. 30, 1840, conditioned for the payment of a note of three hundred and twenty dollars and twenty six cents.

After judgment for the plaintiff, the defendants filed a motion to redeem. The plaintiff claimed, in ascertaining the sum due in equity, to be allowed the amount of the note secured by his mortgage, and also the amount of his account on book against said Colvin. Said account, as presented, appeared to have commenced

McDaniels *v.* Colvin et al.

October 15, 1838, and a portion of it accrued subsequent to the date and recording of the mortgage to the Smiths. The account consisted of various charges for articles delivered from time to time, during the period in which it was accruing, and amounted to $378.74.

The court, in ascertaining the sum due upon the plaintiff's mortgage, included the amount of said account; to which the defendants excepted.

*Foot & Everts* and *S. H. & E. F. Hodges,* for defendants.

The subsequent mortgagees contend that the plaintiff's mortgage is void, as against them, so far as the book account is concerned. The phraseology is ambiguous, and refers more evidently to an existing book account, than to one to accrue *in futuro.* The condition is indefinite; it is not limited to any time, nor to any amount, and the mortgage deed furnishes no data from which either can be ascertained upon inquiry. 3 Conn. 150. *Pettibone v. Griswold,* 4 Ib. 158. *Stoughton* v. *Pasco,* 5 Ib. 442. *Shepard* v. *Shepard,* 6 Ib. 37. *James* v. *Morey,* 2 Cow. 246. 4 Kent 175. 13 Conn. 164, 376. 7 Johns. Cas. 14. *Hubbard* v. *Savage,* 8 Conn. 215. 9 Ib. 287. *Crane* v. *Deming,* 7 Ib. 387. 16 Johns. 165. *Shirras* v. *Caig,* 7 Cranch 34, [2 Cond. R. 407.] *United States* v *Hooe et al.,* 3 Cranch 73, [1 Cond. R. 458.] *Conard* v. *Atlantic Ins. Co.,* 1 Peter's R. 448. The doctrine deducible from all the cases is, that a mortgage may be good for future advances, when the mortgage itself gives reasonable notice of the incumbrance upon the land, and the contract is *bona fide* and limited in amount, when the subject matter of the mortgage and the time within which the advances are to be made, appear, and there is a valid contract to make such advances, binding upon the mortgagee at the time the mortgage is executed. In this case there is no such contract.

The mortgage is fraudulent and void, also, because the amount to be advanced depends entirely upon the will of the mortgagor and the plaintiff. To give effect to such a mortgage would be to deprive creditors and subsequent mortgagees of their security, and render the laws requiring a registry of deeds a nullity. 2 Rolle 148, cited 5 Com. Dig. 179, B. 2. *Parkist v. Alexander,* 1 Johns. Ch. R. 394.

2. But, if the condition of the mortgage be valid, it embraces such book account, only, as had accrued when the note described in the condition became due. There cannot be repeated fulfilments of the condition of a mortgage given to secure a book debt; neither, after having been once forfeited and redeemed, can it be set on foot again to secure a new account. On the contrary, the law will scrutinize the terms of the deed, to find a limit to the range of the credit. The policy of our recording system especially requires this. Such a limit is found in the time appointed for the payment of the note. 2 Rolle 148, 1. 10. *Pettibone* v. *Griswold*, above cited.

3. The deed to the defendants, Smiths, when recorded, was, at all events, notice to the plaintiff, and his mortgage could be no security for the subsequent advances. When Colvin conveyed to the Smiths, his estate in the premises consisted in the fee, subject to the payment of what was *then* due to the plaintiff under his mortgage. This was real estate, of the conveyance of which, when recorded, all persons are bound to take notice; no actual notice could be necessary. *Latouche* v. *Dusenberry*, 1 Sch. & Lef. 157, cited 3 Conn. 152, and 4 Kent 171. *Peters* v. *Goodrich*, 3 Conn. 146. *James* v. *Morey*, 2 Cow. 246. *Brinckerhoff* v. *Marvin*, 5 Johns. Ch. R. 320. *Booth* v. *Barnum*, 9 Conn. 286. *Burgess* v. *Wheate*, 1 Eden 225. *Parkist* v. *Alexander*, 1 Johns. Ch. R. 294. *Williams* v. *Sorrell*, 4 Ves. 389. *Berry* v. *Mutual Ins. Co.*, 2 Johns. Ch. R. 603.

The first incumbrancer ought, on principle, to be affected by the same rule of constructive notice which reaches subsequent purchasers. He may be ignorant, no doubt, of a new lien; so, also, a second mortgagee may be ignorant of the first lien; and, though the latter must be treated as if he were notified of it by the record, it is an intolerable hardship to require him, on that constructive knowledge, to give actual notice to the former. It jeopards the security of an attaching creditor, by giving the debtor an opportunity, under such a previous mortgage, of incumbering the land beyond its value, before the required notice can be brought home to the mortgagee. It makes the title to real estate, to a dangerous extent, a matter of parol proof, and exposes it to all the fraud and perjury, against which the constitution has required protection.

McDaniels *v.* Colvin et al.

*Thrall & Pond* for plaintiff.

1. A mortgage deed, given to secure future advancements, when they are properly described, is valid. 4 Kent 168. 2 Sw. Dig. 164. Pow. on Mort. 236. 7 Vin. Ab. 52, pl. 52. *James* v. *Morey,* 2 Cow. 246. *Conard* v. *Atlantic Ins. Co.,* 1 Pet. 448. *United States* v. *Hooe et al.,* 3 Cranch 73, 89, [1 Cond. R. 462.] *Shirras et al.* v. *Caig et al.,* 7 Cranch 34—50, [2 Cond. R. 410.] *Hubbard* v. *Savage,* 8 Conn. 213. *Brinckerhoff* v. *Marvin,* 5 Johns. Ch. R. 326. *Crane* v. *Deming et al.,* 7 Conn. 388. *Badlam* v. *Tucker et al.,* 1 Pick. 389. So a mortgage to secure an unliquidated book debt is valid in Connecticut. *Stoughton* v. *Pasco,* 5 Conn. 449. *Booth* v. *Barnum,* 9 Conn. 287.

2. It was the intention of the parties to secure future advances; and the condition in the deed sufficiently expresses this. But, if it were doubtful, the fact that no book account existed, at the time the deed was given, proves it.

3. It is not against the policy of the recording system to establish this mortgage as a security for the book account. The cases in Connecticut, (*Pettibone* v. *Griswold et al.,* 4 Conn. 158, and *North* v. *Belden,* 13 Ib. 376,) were decided distinctly and exclusively on the ground of *uncertainty* in the description of the liability attempted to be secured. In *Pettibone* v. *Griswold et al.,* where the condition was to secure a note of $4000, and all other notes the grantee might indorse or give for the grantor at the bank, or elsewhere, and all receipts he might hold against the grantor, &c., the court said the clause was " dangerously indefinite," and against the policy of their law, and therefore void. But such is not the policy of our law. In *Gibson* v. *Seymour,* 4 Vt. 518, the court held that an absolute deed, given to secure against future liability, was good, though the intention of the parties was not shown upon the face of the deed, nor by any evidence in writing. The policy contended for by the defendants' in this case would have avoided that deed.

4. The plaintiff's lien upon the premises is good for that portion of the account which accrued subsequent to the mortgage to the Smiths. *Gordon* v. *Graham,* 7 Vin. Ab. 52, pl. 3, cited 1 Pow. on Mort. 236. *Crane* v. *Deming,* 7 Conn. 387. *Peters* v. *Goodrich,* 3 Conn. 151. 4 Kent 168. These advances were made upon the faith of the mortgage; they are, therefore, equitable claims as

against Colvin,—and there are no exceptions to the rule, that, if a creditor take security upon an estate previously incumbered, with notice of the prior incumbrance, he must hold subject to that incumbrance.  4 Bro. Parl. Cas. 189.  *Le Neve* v. *Le Neve*, 3 Atk. 646—654.  *Ib.*, 1 Ves. 64—66.  *Blades* v. *Blades*, cited 3 Atk. 654.  *Hine* v. *Dodd*, 2 Atk. 275.  *Sheldon* v. *Cox et al.*, Amb. 624, 626.  *Morecock* v. *Dickins et al.*, Amb. 678.  On the principle of constructive notice of the record, the subsequent mortgagees must be taken to have read plaintiff's deed, and its condition, before taking their mortgage; and they can have no equity, which did not belong to Colvin at the time they received their mortgage.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   The plaintiff recovered judgment against the defendants in an action of ejectment, and the defendants, in pursuance of the provisions of the statute, filed their motion to redeem.  The court ascertained the sum due in equity to the plaintiff, allowing the note described in the condition of his mortgage deed, and also the amount due to him on book,—to which an exception was taken; and the inquiry now is, whether the decision of the court was correct.

The mortgage deed from the defendant, Colvin, to the plaintiff is dated October 12, 1838, and was recorded the 16th of the same month ;—the condition was, to pay a note of $534 of the same date as the deed, payable one day after date with annual interest, and also "*for what I may owe him on book.*"  The mortgage from Colvin to the Smiths, the other defendants, was dated June 27, 1840, and was recorded Sept. 30, 1840.  No fraud in the plaintiff is found;—the Smiths, being second mortgagees, their debt is to be postponed to the plaintiff's.  It does not appear that the Smiths were creditors of Colvin's, or that the mortgage was taken to secure that debt; but it is to be presumed, in the absence of evidence to the contrary, that it was taken to secure an advance made at that time.  The quesions arising in the case are, 1st, what is the constuction to be put on the condition in the plaintiffs mortgage ?—2d, if to secure a future indebtedness, whether the condition is void as to after purchasers ? and 3d, what is the extent of the indebtedness from Colvin to the plaintiff, which is secured by the mortgage ?

1.   The condition evidently refers to a future time ;—it is, "*what*

*I may owe him."* Taken in connection with the fact that no part of
the plaintiff's account had been contracted at the date of the mort-
gage, the first charge being the 15th of October, it is beyond con-
troversy that a future indebtedness was contemplated, and a debt,
to be incurred thereafter, was intended to be secured by the mort-
gage. It cannot, therefore, be said that the mortgage only se-
cures what Colvin might owe at that time. It is to be construed,
therefore, as a mortgage to secure future advances.

2. The second question is, whether such a condition is indefi-
nite and uncertain, and, under our recording system, should be de-
clared void. If it were practicable, it might be desirable, that, in
all cases, the true situation of real estate, and the extent of all incum-
brances upon it, should be definite and certain, and appear on the
record. The effect of this, however, would be to limit the benefi-
cial effect of mortgage securities, and confine them to cases where
the extent of the incumbrance could be ascertained and rendered
certain at the time of executing the mortgage, and be made to ap-
pear in the condition ;—this would exclude all mortgages of indemni-
ty, all mortgages to secure against official neglects and delinquen-
ces, and all mortgages to secure future advances. All this class of
mortgages must necessarily be to secure sums indefinite and uncer-
tain at the time the mortgage is executed. Thus to limit the pow-
er of mortgaging is not called for by considerations of expediency,
and is opposed to authority. *Conard* v. *Atlantic Insurance Co.,* 1
Pet. 448. *Shirras et al.* v. *Caig et al.,* 7 Cranch. 34. It is suffi-
cient that the amount of the incumbrance can be rendered certain.
We cannot, therefore, say that this mortgage is "dangerously in-
definite and uncertain," and therefore void between the parties, as
urged in the argument. It was given to secure a future indebtedness,
or future advances, and is recognized as valid by the whole current
of authorities, and by all the able writers on the law of mortgages.
Nor can we consider it either void, or inoperative as against subse-
quent attaching creditors, purchasers, or mortgagees, inasmuch as
all such have notice by the record of the incumbrance, and of what
it is intended to secure; and, furthermore, it is in the power of
such creditors, &c., by giving the requisite notice, to limit the
amount of such further advances, so far as they are interested so to
do.

39

McDaniels *v.* Colvin et al.

3. The next question is, to what time the court should have limited the dealings between McDaniels & Colvin, or how much of the account of the plaintiff against Colvin is secured by the mortgage as against the Smiths. To limit it to the time when the note became due, as has been contended for, would be altogether arbitrary, and would be making a contract which the parties never contemplated. In this case, the note fell due before any part of the account, or any item thereof, was had by Colvin. As between the immediate parties, McDaniels and Colvin, it is not necessary to limit any time ; as long as they were willing to have open and running accounts, and as long as McDaniels was willing to credit Colvin, the mortgage would remain as security for all which Colvin owed. As to the Smiths, it is otherwise. The correct view of this subject is this, that creditors, purchasers, or mortgagees, may prevent further advances, when they become interested, by *giving notice* to the first mortgagee of their interest, and an intimation, at least, that no further advances are to be made on the security of the mortgage as against them. Something more than a mere knowledge in the mortgagee of such subsequent interest of the creditor, &c., is necessary. Notice must be given to him to prevent any further dealings between him and the mortgagor on the security. By the recording a second mortgage, attachment, execution, or deed, no such notice is to be inferred ; nor is the record constructive notice to the first mortgagee of such subsequent interest in others. The record is constructive notice to all who may afterwards become interested, and, on a bill of foreclosure the plaintiff is required to notice all subsequent interests in the land mortgaged to him. The persons interested in limiting the further advances must give notice ; but the first mortgagee is not bound to search the records from day to day to learn whether his mortgagor has made any further incumbrances, or whether any attachments have been made, or to ascertain that, of which notice must be given him by the persons interested. The inconveniences attending this view, urged in argument, are merely imaginary. If the first mortgagee lives at a great distance, in New York, or in England, so that the second could not, without great inconvenience, give this actual notice, it is to be remembered that it would be equally inconvenient, in such a case, for the mortgagor to obtain further advances. The arguments

founded on this idea of convenience, or inconvenience, can have but little weight in settling the construction of an instrument, or determining a principle of law.

The cases upon the subject are abundant, and fully establish the doctrine here laid down. In the case of *Gordon* v. *Graham*, found in 7 Vin. Abr. 52, and 2 Eq. Cas. Ab. 598, pl. 16, and recognized by Powell and Coote in their treatises on mortgages, it is said that if A. mortgages to B. to secure a sum actually lent, and for such other sums as should be afterwards lent, and A. makes a second mortgage to C. for a certain sum, with notice of the first mortgage, and then the first mortgagee, having notice of the second mortgage, lends a further sum, the second mortgagee shall not redeem without paying as well the money lent after the second mortgage as before. It was determined in the case of *Wrightson* v. *Hudson*, 2 Eq. Cas. Ab. 609, pl. 7, that, where a sum of money was lent on mortgage, and another afterwards lent a sum of money to the mortgagor, and took a judgment, which was duly registered, and afterwards the first mortgagee advanced a further sum without any express notice of the judgment, the person who took the judgment must pay both mortgages, that he ought to have given notice to the mortgagee, when he took the judgment, and that the *mortgagee might have searched the register, but was not bound to do it.* In the case of *Bedford* v. *Bacchus*, 2 Eq. Cas. Ab. 615, pl. 12, where A. lent money on a mortgage of lands in Middlesex, which was duly registered, B. lent money on the same security, and had his mortgage duly registered, then A. advanced a further sum upon the same land without notice of the first mortgage, it was held by Lord Ch. King that the registry of the second mortgage was not constructive notice to the first mortgagee before his advance of the latter sum ;—and that it was a constant rule in equity, that, if the first mortgagee advanced further sums without notice of the second mortgage, his whole money should be paid. These cases are approved of by Sir Edward Sugden, in his Law of Vendors 465—466.

These cases are irrespective of the doctrine of tacking mortgages, which prevails in England. The principles of the cases are applicable to us. If mortgages are security there, for all sums due from the mortgagor to the mortgagee, by the doctrine of tacking, they certainly are security here, when the condition of the mortgage

expressly provides for further advances. Is it necessary for a second mortgagee, or incumbrancer, to give express notice, to prevent any further advances from being tacked to the mortgage? it is also necessary here, when further advances are provided for in the deed. Is the registry of the second mortgage, or incumbrance, not considered as constructive notice to the first mortgagee, to prevent further advances, or to prevent the mortgage from being held as security for any further dealings between them? there is no reason why it should be held as such notice here. We see no reason, then, for holding that, in this case, the defendants should be permitted to redeem, unless they pay the whole amount in which Colvin was indebted to McDaniels.

The case of *Pettibone* v. *Griswold,* 4 Conn. 158, has been much relied on in the argument. This case does not appear to have been decided on a full examination of the authorities. The judge who delivered the opinion indulged in some remarks, and made some observations, well expressed and creditable to him as a scholar and writer, but which proved very inconvenient in the investigation of after cases ; and it is apparent that the court, in the cases where this subject came before them afterwards, while endeavoring to preserve the authority of that case, have disregarded it so far as the learned judge treats these mortgages for subsequent advances as " dangerously indefinite, and at war with the policy of the recording system."

Our opinion on the whole case is, that the county court took a correct view of the nature of the condition of the plaintiff's mortgage, and of the extent of the indebtedness which it secures, and its effect as to the Smiths, the second mortgagees.

The judgment is therefore affirmed.