[No. 12720. In Bank. — November 21, 1888.]

## J. M. TAPIA, RESPONDENT, v. A. DEMARTINI ET AL., RESPONDENTS, AND I. T. MOONEY, APPELLANT.

MORTGAGE TO SECURE FUTURE ADVANCES — PRIORITY OF LIEN — NOTICE OF SUBSEQUENT LIEN. — A mortgage made in good faith to cover future advances of money or materials, or future indorsements, is a valid lien from the date of its execution, if properly recorded, as against subsequent purchasers or encumbrancers, except as to advances made after actual as distinguished from record notice of a subsequent encumbrance, though the mortgage does not disclose upon its face that it is given in part for future advances, if the amount of liability is expressly limited, and though the agreement for advances be not in writing. If the mortgage discloses upon its face that it is to secure future advances, the amount need not be set out, and subsequent encumbrancers must ascertain the extent of the lien, or suffer the consequences.

ID. — MECHANICS' LIENS — PRIORITY OF MORTGAGE IN TRUST. — The same rules as to priority of lien of a mortgage to secure future advances, and the necessity of actual notice as distinguished from record notice of a subsequent lien, apply to holders of subsequent mechanics' liens, and in favor of a beneficiary not named in the mortgage, who seeks to enforce a lien for advances under a trust created for his benefit in such a mortgage for a sum certain given to another person.

NATURE OF MORTGAGE — PERSONALTY — PAROL TRUST — STATUTE OF FRAUDS. — In this state, a mortgage conveys no estate in the land, but is a simple lien upon the property; and being but a personal chattel, a parol trust may attach to the mortgage, that the mortgagee shall hold it in trust, in part for his own benefit, and in part for the benefit of another; and parol proof of such trust does not vary the terms of the written instrument, or violate the statute of frauds as to the time of performance of the contract. The beneficiary can enforce the mortgage as against subsequent lien-holders in all respects as if made to him.

APPEAL from a judgment of the Superior Court of Sierra County.

The facts are stated in the opinion of the court.

*Smith & Ford,* for Appellant.

*B. Schlessinger,* and *J. F. Ramage,* for Respondents.

WORKS, J.— Suit was brought by the plaintiff against certain of the defendants to dissolve a partnership alleged to exist between them in carrying on the business of mining, and to close up and adjust the partnership affairs. Subsequently, numerous other parties, who claimed to hold liens against the property of the copartnership, were made defendants, and set up, by way of answer, their respective claims of liens, most of which were mechanics' liens, for labor performed on the mining property of the firm.

The defendants, Busch, Mooney, Castagnetto, and Sorocco, also filed their cross-complaint, alleging, in substance, that the plaintiff and the defendants, his copartners, on the first day of February, 1888, executed to said defendant Busch his promissory note for $15,000, payable one year after date, with interest at the rate of six per cent per annum, and to secure the payment thereof executed to said defendant their mortgage on the real estate in controversy in this action; that at the time said note and mortgage were so executed, the mortgagors were indebted to said Busch and one Herringlake, his partner, in the sum of $571.22, and to the defendant Mooney in the sum of $1,425.14, and to the defendant Crowell in the sum of $1,152.27; "that said note and mortgage were executed and delivered with the understanding and agreement among all the parties thereto, and said Mooney and Crowell, that the same were so executed and delivered to secure the payment of the several balances of account aforesaid then due said Busch and Herringlake, as copartners aforesaid, and said Mooney and Crowell respectively, and to secure further sums to become due for goods, wares, and merchandise, to be

afterward sold and delivered, by said Mooney and Crowell respectively, to said mortgagors, not exceeding the sum agreed to be paid in said promissory note." It is further alleged that Mooney, under said agreement, furnished goods, wares, and merchandise to the amount of $2,174.43, and the amounts due and unpaid to the respective parties are stated.

The recording of the mortgage, and the fact that, prior to the commencement of the suit, the said Crowell had sold, assigned, and delivered his account and all his rights under the mortgage to the defendants Castagnetto and Sorocco, are alleged, and it is asked that Herringlake, partner of Busch, be made a party, and that the lien of certain of the defendants be declared subordinate to the claims under said mortgage, and the property sold to satisfy the said mortgage lien.

With the pleadings in this condition, it was stipulated, by all the parties in interest, that a decree might be entered dissolving the partnership and ordering the sale of the property and the payment of the proceeds of the sale into court, to be applied on the respective claims of the parties, according to their priority, to be determined by the court thereafter. The decree was entered, the property sold, and the proceeds paid into court.

The court below, in adjusting the liens, held that, as between the defendant Mooney and the other lienholders, the mortgage held by Busch created no lien in his favor, and the final decree was rendered accordingly.

The defendant Mooney alone appeals to this court.

Three questions are presented for our consideration: —

1. Was the mortgage executed to Busch valid, as against subsequent encumbrances, for future advancements?

2. Was such mortgage a valid and effective lien in favor of Mooney, he not being named as a mortgagee, or mentioned therein, and no trust in Busch, for his benefit, being declared in writing?

3. If the mortgage was valid for any purpose in favor of Mooney, was it binding as between him and subsequent encumbrancers, as to future sales of goods and merchandise, under the parol agreement for advances under the mortgage ?

1. It is firmly settled by a long line of decisions that a mortgage, made in good faith to cover future advancements or indorsements, is valid, not only as between the immediate parties to the instrument, but as against subsequent purchasers or encumbrancers, if properly recorded. (Civ. Code, sec. 2884; *Tully* v. *Harloe*, 35 Cal. 302, 309; 95 Am. Dec. 102; *Ackerman* v. *Hunsicker*, 85 N. Y. 46; 39 Am. Rep. 621; *Googins* v. *Gilmore*, 47 Me. 13; 74 Am. Dec. 472; *Morris* v. *Cain*, 39 La. Ann. 712; 1 Jones on Mortgages, secs. 373, 374; *Shirras* v. *Caig*, 7 Cranch, 34; *McDaniels* v. *Colvin*, 16 Vt. 300; 42 Am. Dec. 521; *Ward* v. *Cooke*, 17 N. J. Eq. 93, 99; 3 Pomeroy's Eq. Jur., secs. 1197, 1198.)

The mortgage under consideration is in the ordinary form, and does not disclose upon its face that it is given in part for future advancements. While it is better and more consistent with open and fair dealing that the mortgage should express its object, this is held not to be necessary. to its validity if the amount of liability to be incurred under it is expressly limited. (*Tully* v. *Harloe*, *supra; Morris* v. *Cain, supra; Lawrence* v. *Lucker*, 64 U. S. 14, 26; 1 Jones on Mortgages, sec. 374; *Shirras* v. *Caig*, *supra; Maroney's Appeal*, 24 Pa. St. 372; *Witczinski* v. *Everman*, 51 Miss. 834.)

Nor is it necessary that the agreement under which advances are to be made shall be in writing. (1 Jones on Mortgages, sec. 351.)

The mortgage, as against subsequent encumbrancers, becomes a lien for the whole sum advanced from the time of its execution, and not for each separate amount advanced from the time of such advancement, although the right to enforce the collection thereof can only arise

upon each advancement being made. (*Ackerman* v. *Hunsicker*, 85 N. Y. 43, 49; 39 Am. Rep. 621; *Shirras* v. *Caig*, 7 Cranch, 34; *Maroney's Appeal*, 24 Pa. St. 372.)

But the lien of the mortgage cannot be enforced as against subsequent encumbrances, of which the mortgagee has actual notice, for advancements or indorsements made or given after such notice. The notice must be *actual.* Constructive notice, by the recording of subsequent encumbrances, is not enough. (*Ackerman* v. *Hunsicker*, 85 N. Y. 52; 39 Am. Rep. 621; *Ward* v. *Cook*, 17 N. J. Eq. 93, 99; *Shirras* v. *Caig*, 7 Cranch, 34; 1 Jones on Mortgages, sec. 372; 3 Pomeroy's Eq. Jur., sec. 1199.)

It is immaterial whether the advances are to be made in money or materials. (*Brooks* v. *Lester*, 36 Md. 65.)

If the mortgage discloses upon its face that it is to stand as security for future advancements, the amount of the advances to be made need not be set out. It is sufficiently definite to put subsequent encumbrancers on inquiry, and they must ascertain the extent of the lien, or suffer the consequences. (*Lovelace* v. *Webb*, 62 Ala. 271; *Witczinski* v. *Everman*, 51 Miss. 841, 845.)

The rules thus established apply to mechanics' liens. (Phillips on Mechanics' Liens, sec. 236.)

We are fully in accord with the doctrines laid down in the cases cited. They seem to us to be eminently just and equitable. Applying them to this case, the mortgage under which the appellant claims was of record, and was notice to subsequent encumbrancers that it constituted a lien upon the property to the full sum of five thousand dollars. They performed labor on the property with full notice of the existence of a lien to that amount. If they had desired to do so, they might have ascertained the actual condition of the security, and by notice to the holder of the mortgage have prevented any additional encumbrance of the property for further advancements, by giving notice of their liens.

Not having done so, their rights must be held to be subject to the mortgage, to the full amount of the advancements shown to have been made.

2. We pass to the question whether the execution of the mortgage to Busch, under a parol agreement between all of the parties in interest that it should be held in part for the benefit of the appellant, was valid and binding as against the respondents.

As we understand the position of counsel for respondents, they contend: —

1. That the agreement by which Busch was to hold the mortgage for the benefit of the appellant had the effect to change the written contract between the mortgagor and mortgagee, and, being in parol, was not binding under section 1698 of the Civil Code.

2. That the oral arrangement, if valid, must have been executed within a year under section 1624 of the Civil Code.

3. That it amounts to a declaration of an express trust in lands, and cannot rest in parol.

The question presented is not a new one. The decided cases are clearly to the effect that such an agreement as the one under consideration is valid and binding upon the parties. In this state a mortgage conveys no *estate* in the land, but is a simple *lien* upon the property.

This being true, a transaction of this kind is not within the provisions of the code that an express trust in lands cannot be created except by an agreement in writing or a parol agreement fully executed. Being but a personal chattel, "a parol trust may attach to a mortgage that the mortgagee shall hold it in trust for his own benefit, and in part for the benefit of another." (1 Jones on Mortgages, secs. 376, 846; *Hubbell* v. *Blakeslee,* 71 N. Y. 63, 69; *Wood* v. *Weimer,* 104 U. S. 786; *Hall* v. *Crouse,* 13 Hun, 557; 1 Pomeroy's Eq. Jur., sec. 74; 2 Pomeroy's Eq. Jur., sec. 1181.)

The proof of such an agreement does not vary the

terms of the written instrument.  (1 Jones on Mort-gages, sec. 376.)

It is not claimed that the transaction here was fraud-ulent.  On the contrary, the case is presented with the express understanding that the agreement was made in good faith, and that the advancements were made by appellant in pursuance thereof as set forth in the cross-complaint.  We have no doubt of the validity or bind-ing effect of the parol contract made between these parties. Its enforcement as against the subsequent encumbrancers can work them no injustice.  It can make no difference to them whether the mortgage is enforced in favor of Busch or the appellant.  They had notice of the *amount* of the lien, which was the material question for them.

As to the claim made by appellant that the contract, being in parol, must be performed within one year, it is sufficient to say that it is the written contract—the mortgage—that is to be performed.  The parol agree-ment can only have the effect to explain the object of the mortgage, and determine for whose benefit it may be enforced.

3. If we are correct in the conclusions we have reached upon the first two questions presented by the briefs, it must follow, as a necessary consequence, that the mortgage executed to Busch for the benefit in part of the appellant was valid and binding in his favor as against the respondents for the amount due him for ad-vancements made thereunder.

It is not claimed that the appellant had actual notice of the liens of the respondents at the time he made the advancements, and it is conceded that as there is no dis-pute as to the facts, a new trial is unnecessary.

The judgment appealed from is reversed, with instruc-tions to the court below to so modify the same as to give the lien of said mortgage, to the extent of the amount due the appellant, priority over all liens of respondents

for work done or materials furnished subsequent to the execution of said mortgage.

McFARLAND, J., THORNTON, J., SHARPSTEIN, J., PATERSON, J., and SEARLS, C. J., concurred.