[Civ. No. 7957.   Third Dist.   July 24, 1951.]

G. E. OAKS, Appellant, v. HARTLEY L. WEINGARTNER
et al., Respondents.

L. C. Smith for Appellant.

Carlton & Shadwell for Respondents.

VAN DYKE, J.—This is an appeal from a judgment which denied to plaintiff his claim that his materialman's lien was superior to the lien of a deed of trust securing certain advances made after the recordation of the deed of trust.   On October 2, 1945, Hartley L. and Nellie O. Weingartner executed to John and Catherine Pehau, respondents herein, a deed of trust.   The instrument recited that it was given as security for the repayment of a loan of $4,178 borrowed by the trustors

as evidenced by a promissory note in that amount concurrently executed. The instrument contained provisions that it was also to secure the repayment of ''any further or additional loans (not to exceed in the aggregate the sum of $＿＿, to be evidenced by a note or notes therefor) made by said party of the third part to said party of the first part, and all interest thereon, and as security to the parties of the second part, or the survivor of them, their successors and assigns, and to the party of the third part and his assigns, for the payment of the said other moneys, with the interest thereon, herein agreed or provided to be paid by the said party of the first part.'' Thereafter respondents made additional advances and loans to the Weingartners, each of which was evidenced by a promissory note until by July 25, 1947, total additional advances had been made aggregating $11,000. Each note evidencing an additional loan contained the statement that it was secured by the deed of trust, but these notes did not appear of record. The deed of trust was recorded November 10, 1945. Between January 10, 1949, and May 8th of that year appellant furnished to the Weingartners materials consisting of concrete and gravel in the reasonable value of $806.57. These materials not having been paid for, he filed his claim of lien for the amount thereof and brought this action to foreclose the lien. By appropriate allegations he alleged that his lien was superior to the lien of the deed of trust save for the original loan of $4,178.

In support of his appeal appellant contends as follows: That when the respondents recorded the deed of trust they were not, either by its terms or at all, obligated to make any additional advances; that the language we have quoted from the deed of trust respecting future advances amounts to a declaration against further advances so that when appellant, before furnishing materials to the Weingartners, examined the deed of trust as recorded he could assume and did assume that it secured nothing more than the original sum loaned; that he was under no duty to inquire further but could proceed upon the security of the lien he would have if his bill was not paid and he perfected his lien in the statutory manner. In support of this contention appellant lays stress upon the parenthetical clause ''not to exceed . . . $＿＿,'' appearing in that portion of the deed of trust which we have quoted. He says that by not filling in the blank after the dollar sign in the parenthetical clause the entire provision relative to further advances was nullified. We do not so construe the

document as executed. On the contrary, any nullification that results from leaving the blank unfilled has to do only with the parenthetical clause and leaves the quoted language with that clause eliminated, as a provision that the deed of trust should stand as security "for any further or additional loans ( . . ., to be evidenced by a note or notes therefor) made by said party of the third part to said party of the first part." The parenthetical clause was for the purpose of expressing a limitation upon a general covenant that the deed of trust should stand as security for further loans. Thereby was provided a means to express that limitation if the parties so desired, which would be done by filling in the blank with a sum agreed to be the limit of additional loans which could be secured by the deed of trust. By not so filling in the blank the parties elected to place no limitation upon the general covenant. The deed of trust was then to be read as though the parenthetical clause with the blank unfilled was eliminated. Webster's New International Dictionary defines " 'Parenthesis' as a word, phrase or sentence by way of comment or explanation inserted in or attached to a sentence which would be grammatically complete without it. It is usually marked off with curved lines, commas or dashes."

It is undisputed that appellant examined the record of the deed of trust and noted particularly the provisions as to security for further advances and after so doing elected not to ask respondents whether or not they had made any further advances. Under the circumstances the deed of trust was security prior to the lien of the materialman for materials furnished after the advances had been made. We quote the following from 17 California Jurisprudence, page 897, section 183: "In California, the courts have enunciated what, it has been said, may with propriety be denominated as the 'California rule,' which, although opposed elsewhere by authority of respectability, is also sustained by strong reason and eminent authority. The rule is that the lien of a mortgage does not operate to secure optional advances made under the mortgage after the mortgagee has acquired actual notice of an encumbrance subsequent in point of time to his mortgage, so as to defeat or impair the rights of the subsequent encumbrancer. This rule is likewise applicable to trust deeds. To the extent of advances made without actual notice, the mortgage has priority over all liens subsequent to its execution. Recordation of the mortgage is notice to subsequent encumbrancers that it constitutes a lien to the sum therein named. If they desire so to do, they may ascertain the actual condition

of the security and by notice to the holder of the prior mortgage prevent any additional encumbrance of the property for future advancements by giving notice of their liens, in which case they are entitled to have the senior mortgagee limited to the recovery of such advances as he has made under his mortgage prior to receipt of actual notice of the vesting of the junior liens, but if they do not give notice, their rights must be held subject to the mortgage to the full extent of advancements made. The rule does not apply where the provisions in the first mortgage make it obligatory upon the mortgagee to make the advances, for it would be manifestly unsound to hold that actual notice of a subsequent mortgage would deprive the mortgagee of his lien for advances he is compelled to make.''

In *Frank H. Buck Co.* v. *Buck,* 162 Cal. 300, 303 [122 P. 466], the mortgagor had executed a mortgage for a definite sum which contained a statement that the further purpose of the mortgage was to secure future advances as well as the original debt. The court said: '' . . . It was a mortgage creating a lien for future as well as past advances. The very section of the code declares that a lien 'may be created by contract to take immediate effect as security for the performance of obligations not then in existence.' (Civ. Code, sec. 2884.) . . .

''Respondent contends that the mortgage is void in that it does not state the total amount of future advances for which it is to create a lien upon the mortgagor's property. . . . That there is a diversity of opinion upon the subject may be conceded, but the correct rule as declared by the American & English Encyclopedia of Law (vol. 20, p. 927), is: 'Whether the ultimate amount intended to be secured should be definitely stated on the face of the instrument is a question upon which there is considerable diversity of opinion, but the weight of authority sustains the principle that in the absence of statutes providing otherwise a definite statement of amount is unnecessary and that all that can be required is that a mortgage designed to secure such future liabilities should describe the nature and amount of them with reasonable certainty, so that they may be ascertained by the exercise of ordinary diligence on proper inquiry, *the jurisdictions holding that the maximum amount intended to be secured should be stated being in the minority.'* '' (Italics added.)

The court then referred to *Tapia* v. *Demartini,* 77 Cal. 383 [19 P. 641, 11 Am.St.Rep. 288], and approved the rule

therein stated as follows: ''If the mortgage discloses upon its face that it is to stand as security for future advancements, the amount of the advances to be made need not be set out. It is sufficiently definite to put subsequent encumbrancers on inquiry, and they must ascertain the extent of the lien, or suffer the consequences.''

We hold that the judgment of the trial court was correct and it is therefore affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied August 17, 1951.