[Civ. No. 18828. Second Dist., Div. Three. Sept. 18, 1952.]

BEN IMHOFF et al., Respondents, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation) et al., Defendants; VAL SWENSON, Appellant.

Riedman & Silberberg and Ven O. Fahrney for Appellant.

F. Henry Ne Casek for Respondents.

WOOD (Parker), J.—Action to quiet title to personal property (proceeds of sale of real property under a trust deed), and for declaratory relief. Judgment was for plaintiffs and defendant Martin. Defendant Swenson appeals from the judgment.

Appellant contends that his materialman's lien is prior to plaintiffs' alleged lien under a deed of trust for future advances of money.

On October 20, 1947, Merle J. Olson executed a promissory note for $1,300 and a trust deed covering two lots on Summit Avenue in Long Beach. The note was payable to parties other than plaintiffs, and the deed recited that it was made for the purpose of securing the indebtedness evidenced by

the note and "payment of such additional sums with interest thereon, as may be hereafter borrowed from Beneficiary by the maker of said note, when evidenced by another promissory note." The deed also recited that: "The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein." The trust deed was recorded on October 30, 1947.

On May 13, 1948, the beneficiaries under the trust deed assigned it and the note to the plaintiffs herein, husband and wife. The assignment was not recorded. Also on said May 13th Olson executed his promissory note for $1,140.32 (payable to plaintiffs) and a second trust deed covering the said two lots as security for the payment of the note. The second trust deed was recorded on July 8, 1948. Thereafter plaintiffs lent Olson additional sums of money as follows: $1,000 on June 1, 1948; $500 on July 25, 1948; and $500 on November 9, 1948. Olson executed promissory notes for said amounts. At the top of the note for $1,000 there is handwriting as follows: "First Trust Deed on property at 1518 W. Summit as Security. Long Beach, Calif."

On August 20, 1948, Olson executed another trust deed covering said lots to secure payment of his note for $1,075 which was payable to defendant Martin. Said trust deed was recorded on August 23, 1948.

On February 24, 1949, the appellant (Swenson) recorded a notice that he claimed a mechanic's lien upon the lots. On May 24, 1949, he filed an action against M. J. Olson, One Doe and Two Doe to foreclose the lien. In the complaint (Exhibit 10) it was alleged that appellant (plaintiff therein), under an agreement with Olson, began to furnish plumbing material and labor on said property on June 18, 1948; that he completed said plumbing on November 18, 1948; and that $1,200.49 was due appellant for said material and labor. No further proceeding was had in that action.

On July 27, 1949, the plaintiffs herein recorded a notice of default and election to sell under the terms of the trust deed first referred to herein. On December 2, 1949, the title insurance and trust company, as trustee, sold the property for $5,200. Plaintiffs then commenced this action to quiet title to $5,119.08, the net proceeds of the sale, and thereafter the title company deposited said sum with the clerk of the court.

Plaintiff Ben Imhoff (who was the only witness) testified that at the time he lent Olson the additional sums of money

he had no actual notice that a trust deed had been executed in favor of defendant Martin or that mechanics' liens were "filed" against the property; he did not know Martin or the appellant, and neither of them talked to him prior to the time he made the advances or prior to the time he foreclosed; he purchased the first trust deed before he made the loan which was secured by the second trust deed; and the loan was made through escrow. He testified further that before he purchased the first trust deed he saw the property; at that time the house, which had been moved onto the lots, was "sitting on a couple of pins," and no work whatsoever was done; Olson borrowed the money from him in order to put the house in a livable condition; Olson told him that in order to eliminate the expense he was going to do the work himself, and that it would take around $3,500; he (witness) told Olson he thought he could let him have that amount but not all at one time—that he (Olson) would have to take it as he (witness) could accumulate it; thereafter he (witness) made the advances; when he made the first two advances he did not look at the house and did not know whether any work had been started; he had a conversation with Olson on July 25, 1948, when he made the second advance, and Olson said that he had "gotten material" and put a foundation under the house and he needed another $500; he (witness) did not ask Olson if the bills were paid; before he made the last advance he saw the house, and work had been done at that time; Olson told him (witness) that he needed the last advance to complete the plumbing. It was stipulated that the advances were optional, and that nothing had been paid on any of the notes which plaintiff held. The court found that all the sums of money mentioned in the complaint and all advances were valid liens against the fund on deposit in court and prior to claims of all defendants; that defendant Martin's claim was secondary to plaintiffs' claims; and that Swenson's claim was without right. Judgment was that plaintiffs were owners of the $5,119.08 on deposit herein "to apply on the indebtedness" of $4,555.08 principal, $508.03 interest, and $225.65 advances for taxes and costs of sale.

Appellant contends, as above stated, that his mechanic's lien is prior to respondents' (plaintiffs') alleged lien for future advances; that the advances made by plaintiffs were made with notice of his mechanic's lien and are subordinate to it. He asserts, in substance, that where advances under a trust deed are optional and the advances are made with

notice that material is being furnished to the trustor for which mechanics' liens may attach, each advance is to be regarded as a new encumbrance subsequent to the liens of materialmen who had commenced furnishing material prior to the time the advances were made. The lien of a trust deed does not operate to secure optional advances which are made, under the trust deed, after the beneficiary has acquired actual notice of an encumbrance subsequent in point of time to his trust deed, so as to defeat or impair the rights of the subsequent encumbrancer. (*Oaks* v. *Weingartner*, 105 Cal. App.2d 598, 600 [234 P.2d 194].) Appellant, in support of his argument that plaintiffs had actual notice that his mechanic's lien would attach, refers to the testimony of Mr. Imhoff that he knew the house had been moved onto the lots, that he lent the money in order that work might be done to make the house livable, and that he saw the property twice while the work was being done. As above shown, Mr. Imhoff testified that he had no actual notice regarding the mechanics' liens when he made the additional loans; that Olson told him that he was going to do the work himself and that it would take around $3,500. There was no evidence that plaintiffs knew at the time they made the advances that labor had been furnished by appellant or anyone, or that materials delivered had not been paid for. Olson told Mr. Imhoff that he needed the last advance to complete the plumbing. Appellant alleged, as above shown, that he began furnishing labor and materials on June 18, 1948. Prior to that time the first trust deed (which provided that it was security for additional sums thereafter borrowed from the beneficiary) had been recorded. Appellant did not communicate with the plaintiffs, and it appears that he made no inquiry to ascertain whether plaintiffs had made any further advancements. The trial court found that at the times the trust deed of May 13, 1948, and the advances were made the plaintiffs had no knowledge of any of the claims of defendants. That finding is supported by the evidence.

In the case of *Oaks* v. *Weingartner, supra,* 105 Cal.App.2d 598, the appellant contended that his materialman's lien was superior to the lien of a deed of trust securing certain advances made after the deed was recorded, since the beneficiaries were not obligated, by the terms of the trust deed or at all, to make any additional advances. The court therein held that the lien of the trust deed covering the advances was superior to the materialman's lien, and it stated that

the rule which applies to mortgages is applicable to trust deeds. It was stated therein (pages 600-601) that: "To the extent of advances made without actual notice, the mortgage has priority over all liens subsequent to its execution. Recordation of the mortgage is notice to subsequent encumbrancers that it constitutes a lien to the sum therein named. If they desire so to do, they may ascertain the actual condition of the security and by notice to the holder of the prior mortgage prevent any additional encumbrance of the property for future advancements by giving notice of their liens, in which case they are entitled to have the senior mortgagee limited to the recovery of such advances as he has made under his mortgage prior to receipt of actual notice of the vesting of the junior liens, but if they do not give notice, their rights must be held subject to the mortgage to the full extent of advancements made."

Appellant also contends that since plaintiffs failed to record their assignment they are not in a position to assert that the optional advances made by them are superior to appellant's claim of lien. It seems that appellant's argument is that he was not required to give notice to plaintiffs since they were not the beneficiaries of record. ■ As above shown, the trust deed recited that the term "Beneficiary shall mean the owner and holder" of the *note* whether or not such holder was named as beneficiary in the deed. Recordation of that deed was notice to subsequent encumbrancers that it constituted a lien for further advances thereunder. ■ It was stated in *Tapia* v. *Demartini,* 77 Cal. 383, at page 387 [19 P. 641, 11 Am.St.Rep. 288] that: "If the mortgage discloses upon its face that it is to stand as security for future advancements, the amount of the advances to be made need not be set out. It is sufficiently definite to put subsequent encumbrancers on inquiry, and they must ascertain the extent of the lien, or suffer the consequences." There is no evidence that appellant made any attempt to determine the identity of the holder of the note. The trial court found that the advances were made under the terms and conditions of the trust deed; and that they were valid liens against the fund on deposit in court and prior to the claims of all the defendants. Those findings are supported by the evidence.

■ Appellant also asserts in effect that in any event his lien is prior to the loan of $1,140.32, which was secured by the second trust deed made on May 13, 1948, and recorded on July 8, 1948. He argues that since that trust deed was

not recorded prior to the time appellant started to furnish material and labor on June 18, 1948, his (appellant's) lien is prior thereto; and that the taking of the second trust deed is evidence that plaintiffs did not rely on the provisions of the first trust deed regarding advances. At the trial the attorney for plaintiff asserted that the second trust deed was merely surplusage and that the $1,140.32 was advanced under the provisions of the first trust deed. Plaintiff, Mr. Imhoff, testified that he made the loan of $1,140.32 after he had obtained the assignment of the first trust deed; he had no intention of lending the money under any consideration other than that he was covered by the first trust deed; later on, after making the loan of $1,140.32, he discovered that a second trust deed had been written up in the escrow; and he did not record the second trust deed until July 8th because he was informed that the first trust deed covered everything. As above stated, the court found that all the sums of money mentioned in the complaint and all advances were prior to the claims of defendants. It also found that all the allegations of the complaint are true. In the amended complaint it was alleged that the said sum of $1,140.32 was an advance under the first trust deed; and that "all of said advances" are secured by said first trust deed. The evidence was sufficient to support the finding that the loan of $1,140.32 was an advance under the first trust deed.

Appellant contends further that his materialman's lien is superior to the lien of the trust deed held by defendant Martin. The trial court found that Martin's claim to the deposited fund was secondary to the claim of plaintiffs. Since the judgment was that plaintiffs were the owners and entitled to all the money on deposit, no useful purpose will be served by discussing this contention further.

In view of the above conclusions, it is not necessary to consider other contentions of appellant. Also, in view of those conclusions, it is not necessary to consider the contention of respondents that appellant's notice of lien was not filed within the time required by law.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.