[Civ. No. 22993.   Second Dist., Div. Three.   Sept. 23, 1958.]

EQUITABLE PLAN COMPANY (a Corporation), Respondent, v. DIX BOX COMPANY (a Corporation), Appellant.

Jerome Weber and Howard Meyerson for Appellant.

McCutchen, Black, Harnagel & Greene, G. William Shea, Frederick J. Kling and Jack T. Swafford for Respondent.

VALLÉE, J.—Appeal by defendant Dix Box Company from an order denying its motion to discharge a writ of attachment.

The action is for money. The complaint is in five counts. The first count is on a check dated June 26, 1957, made by defendant payable to plaintiff for $1,187.80. The second count is on a check dated June 27, 1957, made by defendant payable to plaintiff in the amount of $2,318. The third count is on a check dated June 28, 1957, made by defendant payable to plaintiff in the amount of $255.28. Defendant stopped payment on each check. The fourth and fifth counts are for money had and received totaling $20,227.94. The prayer is for $23,959.02.

With the complaint, plaintiff filed an affidavit for a writ of attachment which stated "that the payment of the same has not been secured by any mortgage, deed of trust, or lien upon real estate or personal property, or any pledge of personal property." The writ issued and about $888.81 was attached.

Defendant filed a motion to discharge the attachment. In support thereof it filed an affidavit of its president which stated: he believes and is advised by his counsel that plaintiff has no reasonable ground for alleging the indebtedness; the debt sued on arose out of a transaction between plaintiff and defendant; defendant executed a chattel mortgage dated January 24, 1957, to plaintiff; the mortgage is "a security" for all debts arising out of the transaction and is a security for all debts sued on in the action; he is advised and believes plaintiff should have availed itself of foreclosure proceedings on the mortgage before it was entitled to a writ of attachment. In a supplemental affidavit he attached a copy of the chattel mortgage which is dated January 24, 1957, mortgages certain personal property as security for the payment of a promissory note of the same date for $58,816.82 with interest at 10 per cent, payable in installments of $1,000 or more on the 24th of each month beginning February 24, 1957. The mortgage contains this provision:

"This mortgage also secures: (a) any and all renewals of said promissory note; (b) the repayment of all sums and amounts that may be necessarily advanced or expended by Mortgagee for the maintenance or preservation of the mortgaged property, or any part thereof; (c) to the maximum extent and amount of SIXTY THOUSAND and No/100———— Dollars ($60,000.00), any and all other sums that may here-

after be advanced by Mortgagee to or for the benefit of Mortgagor, any and all other expenditures that may hereafter be made by Mortgagee pursuant to the provisions hereof or for the benefit of or at the instance of Mortgagor, and any and all other indebtednesses and obligations of Mortgagor to Mortgagee that may hereafter be incurred.''

This affidavit stated that the total amount secured by the mortgage was $118,816.82.

In opposition to the motion, plaintiff filed two affidavits by its secretary which stated: the causes of action alleged in the complaint did not arise out of the chattel mortgage transaction; the first, second, and third counts are based on checks executed by defendant on which defendant stopped payment; the checks were not given in payment of any obligation secured by the mortgage; the fourth count is on a claim for moneys paid by plaintiff to defendant in the purchase of fictitious accounts receivable sold by defendant to plaintiff; the fifth count is on a claim for moneys collected by defendant without the consent or permission of plaintiff on accounts receivable that had been previously absolutely assigned to plaintiff; the balance due on the principal of the note secured by the mortgage as of July 26, 1957, was $48,886.77, which is in default; in addition, defendant is liable to plaintiff on a contingent liability of about $34,000 for accounts receivable which had been assigned previously to plaintiff and payment of which within 90 days has been guaranteed by defendant.

The motion to discharge the attachment was denied. Defendant appeals.

Defendant claims the chattel mortgage secures future advances to the maximum amount of $118,816.82, and that the debts sued on are within that amount. Defendant also argues that a chattel mortgage need not state the maximum of future advances secured. Plaintiff contends that by its terms the mortgage secures to the maximum extent and amount of only $60,000, including the promissory note and all such amounts, if any, as might be advanced in the future in reliance on the mortgage, or as might qualify as being debts or obligations incurred subsequent to the making of the mortgage and pursuant to respondent's reliance thereon.

■ A lien may be created by contract as security for the performance of obligations not then in existence. (Civ. Code, § 2884.) ■ ''A mortgage of personal property or crops may be given to secure the repayment of sums that may be advanced, expenditures that may be made, or indebtedness

or obligations that may be incurred subsequent to the execution of such mortgage. If the maximum amount the repayment of which is proposed to be secured by such mortgage, is expressed therein . . . such mortgage . . . shall be and constitute a lien or encumbrance of rank, effect, status and standing equal to that established thereby initially and as it may thereafter obtain, as security for the repayment of any sums, expenditures, indebtedness and obligations, owing or due or becoming owing or due thereunder, up to and including such expressed maximum amount which shall be considered only as a limit of the debts, sums, expenditures, indebtedness and obligations that may be secured thereby at any one time, and not to include such as may have existed and been repaid or discharged thereunder.'' (Civ. Code, § 2975.)

We are of the opinion that the clause of the mortgage in question secures any and all advances and indebtedness, including the promissory note, to the maximum extent and amount of $60,000, not to the extent and amount of $118,-816.82. Section 2975 of the Civil Code requires that the maximum amount the repayment of which is to be secured shall be expressed in a mortgage of personal property in order that the mortgage shall constitute security for future advances and debts and obligations incurred subsequent to the making of the mortgage. (*Hollywood State Bank* v. *Cook*, 99 Cal.App.2d 338, 342 [221 P.2d 988].) Section 2975 was enacted in 1935. (Stats., 1935, p. 2228.) *Frank H. Buck Co.* v. *Buck*, 162 Cal. 300 [122 P. 466], decided in 1912, which apparently held that a crop mortgage need not state the maximum amount of future advances, is therefore not in point. In *Oaks* v. *Weingartner*, 105 Cal.App.2d 598 [234 P.2d 194], the encumbrance was a deed of trust of real property. In any case the question is of no consequence since the chattel mortgage at bar expresses the maximum amount as $60,000. That is the amount that is secured by the mortgage at any one time, including the promissory note. There is nothing in the mortgage indicating any intent that it was given to secure obligations in excess of $60,000.

The court was warranted in concluding that the obligations alleged in the complaint are not secured by the chattel mortgage.

Affirmed.

Wood (Parker), Acting P. J., concurred.